**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-06000-NYW

DOUDOU SEMANE,

Petitioner,

v.

NATHAN RASPER,
MARKWAYNE MULLIN,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). [Doc. 1]. Petitioner is a noncitizen who is currently detained at the ICE Contract Detention Facility in this District. [*Id.* at ¶¶ 2–3]. In the Petition, he challenges the legality of his detention, arguing inter alia that his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and his due process rights. *See* [*id.* at ¶¶ 6, 47–49].

Respondents filed a response, stating that they are "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 6 at 1]. They have thus waived any argument in opposition to the Petition or the relief requested therein. *See Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 588 (10th Cir. 2016) (a party's failure to respond to an argument renders the issue waived);

*Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by . . . declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). Respondents assert that, if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents . . . release Petitioner from detention." [Doc. 6 at 1].

The Court has recently granted habeas petitions raising arguments identical or substantially similar to the arguments raised by Petitioner here. *See, e.g.*, *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025); *Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026). For the reasons set forth in those orders, the Petition is **GRANTED in part** with respect to Count I to the extent that Petitioner argues that his detention "without an individualized and constitutionally sufficient assessment of the need for detention" violates the INA and his due process rights. Respondents **SHALL RELEASE** Petitioner **within 24 hours of the entry of this Order** with all of his personal belongings and without being subject to any conditions beyond any prior conditions of supervision or release. Respondents **SHALL** provide Petitioner all necessary identity and travel documents to return to his primary address.

In addition, Respondents **SHALL** file, no later than **November 30, 2026**, a status report confirming that Petitioner has been released. To the extent that any conditions have been placed on Petitioner's release, Respondents **SHALL** include documents evidencing the legal justification for such conditions, such as a prior order of conditions of release or a transcript of a bond hearing during which the Government carried its

burden of establishing by clear and convincing evidence that such release condition was warranted. **Respondents SHALL NOT re-detain Petitioner prior to the entry of a final order of removal unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Petitioner is a danger to the community or flight risk.**

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part**;

(2) Respondents **SHALL RELEASE** Petitioner within **24 hours** of the entry of this Order; and

(3) On or before **November 30, 2026**, Respondents shall file a status report confirming Petitioner's release from custody and indicating whether any additional proceedings in this matter are required.

DATED: November 19, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge